IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL CHRESTMAN, <br> As Next Friend to Melissa Wooden, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | NO. 3:22-cv-00173 |
| v. | ) <br> ) | JUDGE CAMPBELL <br> MAGISTRATE JUDGE NEWBERN |
| METROPOLITAN GOVERNMENT OF <br> NASHVILLE AND DAVIDSON <br> COUNTY, TN, *et al.*, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is a motion for judgment on the pleadings filed by Defendant Metropolitan Government of Nashville and Davidson County ("Metro") (Doc. No. 50), and Plaintiff Michael Chrestman's Motion to Amend Complaint (Doc. No. 55). For the reasons stated, Metro's motion for judgment on the pleadings will be granted, and Plaintiff's motion to amend will be denied.

### I. BACKGROUND

Plaintiff's claims arise from a March 12, 2021 incident in which Defendant Officer Benjamin Williams shot Melissa Wooden with a Taser, and Defendant Officer Brandon Lopez shot Ms. Wooden with a gun. (*See* Complaint, Doc. No. 1, ¶ 1). As relevant here, the Complaint alleges claims under 42 U.S.C. § 1983 for use of excessive force in violation of the Fourth Amendment against the officers and Metro. (*Id.*).

The Court previously found the officers were entitled to qualified immunity and dismissed the claims against them, in part because the constitutional right at issue was not clearly established. (*See* Memorandum Opinion and Order, Doc. Nos. 37, 38). The only remaining claim is Plaintiff's claim against Metro Nashville.[1] Plaintiff claims Metro is liable for the actions of its officers based on theories alleging inaction – failure to train and failure and a custom of tolerance or inaction towards excessive force. (*See* Compl., Doc. No. 1 at ¶ 141).

Defendant filed a motion for judgment on the pleadings, arguing Plaintiff's municipal liability claim must be dismissed because a deliberate indifference supervision, training, or inaction claim will not lie where, as here, the government actors at issue did not violate clearly established law. (Doc. Nos. 50, 51). In response to the motion for judgment on the pleadings, Plaintiff filed a motion to amend complaint (Doc. No. 55). Plaintiff also filed a response to the motion, in which he fails to directly address Metro's argument, stating only that if the motion to amend is granted, he anticipates Defendant's motion for judgment on the pleadings will be denied as moot. (Doc. No. 57). Defendant opposes the motion to amend, arguing "no amount of detail, nor additional factual allegations to support Plaintiff's claims will resolve th[e] deficiency" – that the constitutional right was not clearly established. (Doc. No. 58 at 3, 5 n.1). Plaintiff's substantive response to Defendant's argument for judgment on the pleadings and in opposition to the motion to amend comes in the Plaintiff's reply to Defendant's opposition to the motion to amend. (Doc. No. 59).

---

[1] Plaintiff also asserted a negligence claim against Metro Nashville, (Compl., Doc. No. 1 at ¶¶ 144-149). This claim was dismissed. (*See* Doc. Nos. 37, 38).

## II. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Monroe Retail, Inc. v. RBS Citizens, N.A*., 589 F.3d 274, 279 (6th Cir. 2009). The Court may grant a plaintiff's motion for judgment on the pleadings where "all well-pleaded material allegations of the pleadings of the opposing party [are] taken as true, and … the moving party is nevertheless clearly entitled to judgment." *Id*. (citing J*PMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). The Court may consider "documents attached to and referenced in the pleadings on a motion for judgment on the pleadings without converting the motion into a motion for summary judgment." *Founders Ins. Co. v. Bentley Entertainment, LLC*, No. 3:12-cv-01315, 2013 WL 3776311, at *8 (M.D. Tenn. 2013) (citing *Barany-Snyder v. Werner*, 539 F.3d 327, 333 (6th Cir. 2008)).

## III. ANALYSIS

Metro argues that a municipality cannot be responsible for an employee's unconstitutional act on a theory of failure to train or other inaction unless the violated right is clearly established. (Doc. No. 51). This is because, to establish municipal liability based on inaction, the Plaintiff must prove that the inadequate training or tacit approval of unconstitutional conduct was the result of the municipalities deliberate indifference. (*Id*. at 7 (citing *Franklin v. Franklin Cty., Ky*., No. 23-6107, 2024 WL 3823715, at *8 (6th Cir. Jul. 24, 2024), and *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist*., 455 F.3d 690, 699 (6th Cir. 2006). "[A] municipal policymaker cannot exhibit fault rising to the level of *deliberate* indifference to a constitutional right when that right has not yet been clearly established." *Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 995

(6th Cir. 2017) (emphasis in original); *see also*, *Campbell v. Riahi*, 109 F.4th 854, 862 (6th Cir. 2024) ("[A] municipality 'cannot exhibit fault rising to the level of deliberate indifference to a constitutional right when that right has not yet been clearly established.' Thus—because [the officer] did not violate a clearly established right—it follows that her employer, Butler County, was not deliberately indifferent to such a right.") (internal citations omitted); *Gambrel v. Knox Cty., Ky.*, 25 F.4th 391, 408 (6th Cir. 2022) ("[A] municipality must have acted with 'deliberate indifference' to the fact that its inadequate training would lead its agents to violate constitutional rights. To show this deliberate indifference, a plaintiff must prove that the violation of a clearly established right was a 'known or obvious consequence' of the lack of training or supervision.").

Based on this Sixth Circuit authority, Defendant argues that, because the Court has already determined the right at issue here was not clearly established, the municipal liability claim against Metro must be dismissed.

Plaintiff does not dispute that his municipal liability claims are based on Metro's inaction – failure to train and tolerance of excessive force. (Doc. No. 59). And Plaintiff acknowledges that a municipality "cannot exhibit fault rising to the level of *deliberate* indifference to a constitutional right when that right has not been clearly established." (Doc. No. 59 at 2 (citing *Arrington-Bey*, 858 F.3d at 994) (emphasis in original)). Plaintiff argues, however, that the concept of whether a right is "clearly established" for purposes of municipal liability based on inaction or deficient training "must necessarily be more generalized than that used in the individual officer qualified immunity context." (*Id.*). In support of this argument, Plaintiff points to cases he contends analyze municipal liability "in relation to more general constitutional principles, rather than requiring fact-specific on-point prior cases." (*Id.*). But none of these cases allows a claim for municipal liability based on inaction or failure to train to proceed when the constitutional right at issue was not clearly

4

established. *See Gambrel*, 25 F.4th at 410 (dismissing municipal liability claim even though constitutional right was clearly established); *Kosch v. Traverse City Area Pub. Sch.*, No. 23-1354, 2024 WL 3549589, at *5 (6th Cir. Jul. 26, 2024) (dismissing claims against officials and municipality when plaintiff failed to establish a constitutional violation or that the official's conduct violated clearly established law); *Mitchell v. Hamilton Cty., Tenn.*, No. 23-5387/5388, 2024 WL 1216403, at *4-5 (6th Cir. Mar. 21, 2024) (concerning only qualified immunity of individual officers, not claims against the county).

Moreover, the Sixth Circuit does not appear to have made the distinction Plaintiff proposes. As explained in *Arrington-Bey*:

> In a deliberate indifference case, the claimant must show not only that an employee's act caused a constitutional tort, but also that the city's failure to train its employees caused the employee's violation *and* that the city culpably declined to train its "employees to handle recurring situations presenting an obvious potential for such a violation." "[O]bvious potential for such a violation" has two elements: It must be obvious that the failure to train will lead to certain conduct, *and* it must be obvious (i.e., clearly established) that the conduct will violate constitutional rights. As Judge Colloton pointed out in his opinion for the en banc Eighth Circuit in *Szabla [v City of Brooklyn Park*, 486 F.3d 385 (8th Cir. 2007) (en banc)], requiring the right to be clearly established does not give qualified immunity to municipalities; it simply follows *City of Canton*'s and *Brown*'s demand that deliberate indifference in fact be deliberate.

858 F.3d at 995 (internal citations omitted). Following this precedent, if it is not clearly established that the officers' conduct violated constitutional rights, a claim for municipal liability on a theory of inaction or failure to train must fail. *See e.g., J.H. v. Williamson Cty., Tenn.*, 951 F.3d 709, 721 (6th Cir. 2020) ("Having already concluded that [plaintiff's constitutional right] was not clearly established as of 2013, we must also conclude that [plaintiff's] *Monell* claim against Williamson County cannot succeed.") (citing *Arrington-Bey*, 858 F.3d at 995).

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings (Doc. No. 50) will be **GRANTED**. In addition, because no amount of additional factual allegations can cure the defect that Plaintiff cannot establish deliberate indifference to a constitutional right that has not been clearly established, the proposed amended complaint fails to state a claim. Accordingly, Plaintiff's Motion to Amend Complaint (Doc. No. 55) will be **DENIED**. *See Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 617 (6th Cir. 2024) (affirming denial of leave to amend when the proposed amended complaint fails to state a claim). An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE